## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARVIN LEWIS**                                    **CIVIL ACTION**

**VERSUS**                                          **NO.  14-1529**

**ROBERT TANNER, WARDEN**                           **SECTION "G"(4)**
**RAYBURN CORRECTIONAL CENTER**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Procedural Background

The undersigned Magistrate Judge previously issued a Report and Recommendation recommending dismissal of Marvin Lewis's ("Lewis") federal habeas corpus petition for failure to exhaust state court remedies unless Lewis dismissed, or amended the petition to exclude, the unexhausted claims.[2]  Lewis did not object to the Report and Recommendation and instead moved for a stay of these proceedings.[3]  After review, the District Judge denied the motion to stay and

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 12, citing *Pliler v. Ford*, 542 U.S. 225, 233 (2004).

[3] Rec. Doc. No. 13.

granted Lewis additional time to amend the petition.[4]  Lewis filed an amended petition on August 7, 2015, reasserting the sole exhausted claim of ineffective assistance of counsel.[5]  The matter was thereafter referred to the undersigned magistrate judge for issuance of a report and recommendation on the amended petition.[6]

## II.    Factual and Procedural Background

Lewis is a convicted inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[7]  On January 12, 2011, Lewis was charged by Bill of Information in St. Tammany Parish with possession of cocaine with intent to distribute.[8]  He entered a plea of not guilty to the charge on February 23, 2011.[9]

The record reflects that, around 11:00 a.m. on November 21, 2010, Deputy Jordan Hollenbeck of the St. Tammany Parish Sheriff's Office was on regular patrol when he saw a man later identified as Lewis standing near a broken window of an abandoned house located on East Hillcrest Street in Slidell.[10]  The deputy, who was in full uniform and driving a marked police vehicle, stopped to investigate not knowing whether Lewis was attempting to break into the house.

---

[4]Rec. Doc. No. 14.

[5]Rec. Doc. No. 14, 15.

[6]Rec. Doc. No. 17.

[7]Rec. Doc. No. 4.

[8]St. Rec. Vol. 1 of 5, Bill of Information, 1/12/11.

[9]St. Rec. Vol. 1 of 5, Minute Entry, 2/23/11.

[10]The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal.  *State v. Lewis*, No. 2011-KA-1578, 2012WL1012982, at *1-2 (La. App. 1st Cir. Mar. 23, 2011); St. Rec. Vol. 3 of 5, 1st Cir. Opinion, 2011-KA-1578, pp. 2-4, 3/23/11.

After he identified himself, Deputy Hollenbeck asked Lewis to walk to the rear of his police car.  Lewis eventually complied, although not immediately.  Because of his hesitance, Deputy Hollenbeck requested additional back-up units and handcuffed Lewis's hands behind his back.

At that same time, a woman named Jessica Bell appeared at the house, and she was already known by Deputy Hollenbeck to have an extensive criminal history that included drug use.  Deputy Hollenbeck placed her in handcuffs, and she walked straight to the police unit of a responding officer that had stopped about two car lengths behind Deputy Hollenbeck's unit.

When Deputy Florian Lizana arrived, Deputy Hollenbeck instructed him to stay with Lewis while he and another deputy canvassed the area outside the abandoned house for possible evidence.  Once they were alone, Lewis attempted to divert Deputy Lizana's attention to a party going on down the street.  Recognizing the attempt, Deputy Lizana turned his head while maintaining visual contact with Lewis.  He saw Lewis kick a small plastic bag out from under his left foot toward a ditch that was behind him.  He also saw Lewis kick some dirt and grass toward the small bag in an apparent effort to conceal the small bag.

Deputy Lizana did not immediately retrieve the small bag.  Instead, for safety reasons, he waited until the other deputies returned to the area, and then retrieved the plastic bag filled with a white powdery substance that was later determined to be cocaine.

Lewis was tried before a jury on May 2, 2011, and was found guilty as charged.[11]  At a hearing held on May 26, 2011, the Trial Court denied Lewis's motions for a new trial and for post-

---

[11]St. Rec. Vol. 1 of 5, Trial Minutes, 5/2/11; Jury Verdict, 5/2/11; Trial Transcript, 5/2/11; St. Rec. Vol. 2 of 5, Trial Transcript (continued), 5/2/11.

verdict judgment of acquittal.[12]  Lewis thereafter entered a plea of guilty to the State's multiple

offender bill charging him as a fourth felony offender.[13]  After waiver of legal delays, the Trial Court

sentenced Lewis as a multiple offender to serve twenty (20) years in prison at hard labor.[14]

On direct appeal to the Louisiana First Circuit Court of Appeal, Lewis's appointed counsel

argued that the evidence was insufficient to support the verdict where the State failed to establish

that he was engaged in any criminal activity and was not found to be in possession of drugs when

he was initially handcuffed.[15]  On March 23, 2012, the Louisiana First Circuit affirmed Lewis's

conviction, multiple offender adjudication, and sentence finding no merit in the claim raised.[16]

Lewis submitted a writ application on his own behalf to the Louisiana Supreme Court on

April 5, 2012, asserting two claims for review:[17] (1) he received ineffective assistance when his trial

counsel failed to file appropriate motions to challenge the search and seizure; and (2) the evidence

was insufficient to support the conviction.  The court denied the writ application without stated

reasons on September 28, 2012.[18]

Lewis's conviction and sentence became final ninety (90) days later, on December 27, 2012,

because he did not file a writ application with the United States Supreme Court.  *Ott v. Johnson*, 192

---

[12]St. Rec. Vol. 1 of 5, Sentencing Minutes, 5/26/11; Motion for New Trial, 5/5/11; Motion for New Trial, 5/25/11; Motion for Post-Verdict Judgment of Acquittal, 5/25/11.

[13]St. Rec. Vol. 1 of 5, Sentencing Minutes, 5/26/11; Multiple Bill, 5/3/11.

[14]St. Rec. Vol. 1 of 5, Sentencing Minutes, 5/26/11; Reasons for Judgment, 6/24/11; Multiple Bill, 5/3/11; St. Rec. Vol. 2 of 5, Sentencing Transcript, 5/26/11.

[15]St. Rec. Vol. 4 of 5, Appeal Brief, 2011-KA-1578, 9/6/11.

[16]*Lewis*, 2012WL1012982, at *1; St. Rec. Vol. 3 of 5, 1st Cir. Opinion, 2011-KA-1578, 3/23/11.

[17]St. Rec. Vol. 5 of 5, La. S. Ct. Writ Application, 12-KO-824, 4/12/12 (dated 4/5/12).

[18]*State v. Lewis*, 98 So.3d 827 (La. 2012); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 2012-KO-0824, 9/28/12.

F.3d 510, 513 (5th Cir. 1999) (conveying that the period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

On May 9, 2013, Lewis filed an application for post-conviction relief with the Trial Court asserting the following grounds for relief:[19] (1) he received ineffective assistance when his trial counsel failed to conduct pretrial investigation, failed to file pretrial motions, and failed to obtain favorable evidence by consulting with him; (2) he was subject to an unreasonable search and seizure when he was detained without probable cause, and counsel erred in failing to file a motion to address this issue in the Trial Court; and (3) the State lacked evidence to support the conviction where the initial search of his person revealed no drugs.

The Trial Court denied the application as meritless on May 22, 2013, finding that the first ineffective assistance of counsel claim was conclusory.[20]  The court further resolved that a motion challenging the search and seizure would not have been successful leaving no basis for an ineffective assistance claim for failing to file such a motion.  The court also found that the third issue, insufficient evidence, was repetitive of the issue addressed on direct appeal.

Lewis filed a writ application in the Louisiana First Circuit arguing that the Trial Court erred in denying relief on his ineffective assistance of counsel claim and his unlawful search and seizure claim.[21]  The Louisiana First Circuit summarily denied the application on September 9, 2013.[22]

---

[19]St. Rec. Vol. 3 of 5, Uniform Application for Post-Conviction Relief, 5/15/13 (dated 5/9/13).

[20]St. Rec. Vol. 3 of 5, Trial Court Order, 5/22/13.

[21]St. Rec. Vol. 5 of 5, 1st Cir. Writ Application, 2013-KW-1047, 6/19/13.

[22]St. Rec. Vol. 5 of 5, 1st Cir. Order, 2013-KW-1047, 9/9/13.

On October 1, 2013, Lewis submitted a writ application to the Louisiana Supreme Court seeking review of the denial of relief only as to the ineffective assistance of counsel claim.[23]  The Court denied relief without stated reasons on May 30, 2014.[24]

## III.  Federal Petition

Based on the prior rulings of the Court and the amended petition filed by Lewis on August 7, 2015, only one claim remains for consideration in which Lewis alleges that he received ineffective assistance when his trial counsel failed to discuss the State's case with him, failed to file pretrial motions, failed to develop a defense, and failed to investigate his innocence.[25]  In response to the amended petition, the State references its original answer and memorandum in opposition in which it alternatively argued that the state courts' denial of relief was not contrary to or an unreasonable application of federal law.[26]

The threshold procedural questions of timeliness, exhaustion, and procedural default as recognized under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, have been resolved by the prior rulings of the Court.  The Court shall proceed to discuss the substantive arguments of the sole remaining issue of ineffective assistance of counsel.

[23]St. Rec. Vol. 5 of 5, La. S. Ct. Writ Application, 13-KH-2355, dated 10/1/13.

[24]State ex rel. Lewis v. State, 140 So.3d 734 (La. 2014); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 2013-KH-2355, 5/30/14.

[25]Rec. Doc. No. 15; see also, Rec. Doc. No. 4-1, pp. 3-6.

[26]Rec. Doc. No. 16; Rec. Doc. No. 10 & 11, pp. 6-8.

6

**IV.**    <u>**Standards of Review of the Merits**</u>

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000). It provides different standards for questions of fact, questions of law, and mixed questions of fact and law.

A state court's determinations of questions of fact are presumed correct and the Court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2) (2006); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1) (2006).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA. The standard provides that deference be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485. The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, __ U.S. __, 134 S. Ct. 1697, 1706-07 (2014) (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not

'clearly established at the time of the state-court decision.'" *White*, 134 S. Ct. at 1706 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)).

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210 F.3d at 485. A state court's decision can involve an "unreasonable application" of federal law if it correctly identifies the governing rule but then applies it unreasonably to the facts. *White*, 134 S. Ct. at 1706-07; *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *See Williams*, 529 U.S. at 410. The Court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *Id.* "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. 685, 699 (2002)).

Thus, under the "unreasonable application" determination, the Court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Price*, 538 U.S. at 641 (quoting *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006).

In addition, review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, __, 131 S. Ct. 1388, 1398 (2011).

## V.    Effective Assistance of Counsel

Under a broad reading, Lewis contends that, when first hired, his counsel told him that he would look into the possibility of placing Lewis in a drug rehabilitation program in lieu of jail time. Lewis claims, however, that counsel never contacted the proposed rehabilitation clinic. Instead, when counsel met with Lewis several weeks later, counsel told Lewis that he was not eligible for a rehabilitation program because of his extensive criminal history which was not known to counsel when he first took the case. Counsel also advised Lewis that the State had offered him a plea deal of twenty years in prison in return for a guilty plea and the State would not file a multiple bill. Lewis declined and decided he wanted to go to trial. Lewis further claims that he did not speak with his attorney again until the time of trial.

Lewis now asserts that his counsel was ineffective when counsel failed to discuss the details of the case with him, file pretrial motions, or investigate to find support to establish Lewis's innocence. Lewis raised these arguments to the state courts and, in the last reasoned decision, relief was denied by the state trial court finding the claims to be conclusory and therefore without merit. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

The issue of ineffective assistance of counsel is a mixed question of law and fact.  *Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2012); *Woodfox v. Cain*, 609 F.3d 774, 789 (5th Cir. 2010).  The question for this Court is whether the state courts' denial of relief was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court.

The Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668 (1984), is the appropriate standard for judging the performance of counsel.  In *Strickland*, the Court established a two-part test for evaluating claims of ineffective assistance of counsel in which the petitioner must prove deficient performance and prejudice therefrom.  *See Strickland*, 466 U.S. at 697.  The petitioner has the burden of proving ineffective assistance of counsel by a preponderance of the evidence.  *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000); *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992).  In deciding ineffective assistance claims, a court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.  *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct failed to meet the constitutional minimum guaranteed by the Sixth Amendment.  *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).  "The defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 687-88.  The analysis of counsel's performance must take into account the reasonableness of counsel's actions under prevailing professional norms and in light of all of the circumstances.  *See Strickland*, 466 U.S. at 689; *Carty v. Thaler*, 583 F.3d 244, 258 (5th Cir. 2009).  The reviewing court must "judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690).

10

Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *Harrington*, 562 U.S. at 104 (citing *Strickland*, 466 U.S. at 689). "[I]t is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell*, 535 U.S. at 697 (citing *Strickland*, 466 U.S. at 689). As a result, federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise. *Strickland*, 466 U.S. at 689; *Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004) (counsel's "'conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.'") (quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)); *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008).

In order to prove prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Williams v. Thaler*, 602 F.3d 291, 310 (5th Cir. 2010). Furthermore, "[t]he petitioner must 'affirmatively prove,' and not just allege, prejudice." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 695). In this context, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cullen*, 131 S. Ct. at 1403 (quoting *Strickland*, 466 U.S. at. 694). This standard requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington*, 562 U.S. at 112. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett v. McCotter*, 796 F.2d 787, 793 (5th Cir. 1986). Thus, conclusory allegations of ineffective assistance of counsel, with no showing of effect on the proceedings, do not raise a constitutional issue

11

sufficient to support federal habeas relief.  *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

On habeas review, the United States Supreme Court has clarified that, in applying *Strickland*, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 105.  The *Harrington* Court went on to recognize the high level of deference owed to a state court's findings under *Strickland* in light of AEDPA standards of review:

> The standards created by *Strickland* and §2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.  The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.*, at 105 (citations and quotation marks omitted).

Thus, scrutiny of counsel's performance under § 2254(d) therefore is "doubly deferential." *Cullen*, 131 S. Ct. at 1403 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).  The federal courts must take a "highly deferential" look at counsel's performance under the *Strickland* standard through the "deferential lens of § 2254(d)."  *Id.* (citing *Strickland*, 466 U.S. at 689, and quoting *Knowles*, 556 U.S. at 121 n.2).

Lewis alleges that his counsel failed to discuss the case with him as part of the pretrial investigation to develop a defense and failed to file pretrial motions.  It is well settled that a habeas petitioner cannot show prejudice with respect to a claim that counsel failed to investigate a defense without adducing what the investigation would have shown.  *Diaz v. Quarterman*, 239 F. App'x 886, 890 (5th Cir. 2007) (citing *Strickland*, 466 U.S. at 696, in recognizing that some evidence is required

12

to show that "the decision reached would reasonably likely have been different.").  Instead, to prevail on such a claim, the petitioner must provide factual support as to what exculpatory evidence further investigation would have revealed.  *See Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998); *see also Brown v. Dretke*, 419 F.3d 365, 375 (5th Cir. 2005); *Davis v. Cain*, No. 07-6389, 2008 WL 5191912, at *10 (E.D. La. Dec. 11, 2008) (order adopting referenced Report and Recommendation).

Lewis has not pointed to any particular exculpatory information that his counsel could have obtained from further investigation or discussion with Lewis himself.  His otherwise superficial argument provides no reason to undermine the deference due to his counsel's trial decisions or the denial of relief on this issue by the state courts.  *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.").  As resolved by the state courts, Lewis's conclusory allegations are not sufficient to establish a deficiency in counsel's performance.  *Miller*, 200 F.3d at 282; *Moawad*, 143 F.3d at 948.

Similarly, in this claim, Lewis has not identified any particular pretrial motion that should have been filed by his counsel or that would have been successful, such that the failure to urge it altered the outcome of the case.  A habeas petitioner must be specific regarding an allegation that his counsel did not engage in proper motion practice because "[t]he filing of pretrial motions falls squarely within the ambit of trial strategy" and "[c]ounsel is not required to engage in the filing of futile motions." *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) (citation omitted); *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985).  Lewis's assertion lacks any specificity in

13

identifying a potentially successful motion, and consequently, it fails to establish either prong of the *Strickland* test.

Furthermore, a reading of the trial transcript reflects that Lewis's counsel was well-prepared for trial and actually presented the defense Lewis desired; that is, the defense of innocence. Lewis's counsel aggressively challenged the State's evidence and questioned the State's witnesses. Counsel argued to the jury that Lewis did not drop the cocaine found by the officers or commit any crime at the scene of the arrest. The fact that the defense or the defense strategy was not successful does not render counsel's performance constitutionally deficient. *See Martinez v. Dretke*, 99 F. App'x 538, 543 (5th Cir. 2004) ("[A]n unsuccessful strategy does not necessarily indicate constitutionally deficient counsel."); *Strickland*, 466 U.S. at 689 ("[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.").

In this case, Lewis has not established that his counsel acted deficiently or prejudicially under the *Strickland* standards. Therefore, the state courts' denial of relief on this issue was not contrary to or an unreasonable application of *Strickland*.

## VI.   Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Lewis's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[27]

New Orleans, Louisiana, this 30th day of November, 2015.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[27]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

15