UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARVIN LEWIS**                                                                                    **CIVIL ACTION**

**VERSUS**                                                                                                    **NO. 14-1529**

**ROBERT TANNER, WARDEN**                                                    **SECTION "G" (4)**

**ORDER AND REASONS**

    Before the Court is Petitioner Marvin Lewis's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] On November 30, 2015, the Magistrate Judge recommended that the petition be dismissed with prejudice.[3] Petitioner objects to the Magistrate's recommendation.[4] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's Report and Recommendation, and dismiss the exhausted claims with prejudice and the unexhausted claims without prejudice.

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 4.

[3] Rec. Doc. 18.

[4] Rec. Doc. 19.

## I. Background

*A.     Factual Background*

On January 12, 2011, Petitioner was charged by Bill of Information in St. Tammany Parish with possession of cocaine.[5] On May 2, 2011, Petitioner stood trial before a jury and was found guilty as charged.[6] On May 26, 2011, the state trial court denied Petitioner's motions for a new trial and for post-verdict judgment of acquittal.[7] That same day, Petitioner entered a guilty plea to the State's multiple offender bill charging him as a fourth felony offender, and the trial court sentenced him to twenty years imprisonment at hard labor.[8]

On direct appeal to the Louisiana First Circuit Court of Appeal, Petitioner argued that the evidence was insufficient to support his conviction.[9] On March 23, 2012, the Louisiana First Circuit affirmed Petitioner's conviction, multiple offender adjudication and sentence.[10] In his writ application before the Louisiana Supreme Court, Petitioner raised two claims: (1) his counsel was ineffective in failing to file appropriate motions to challenge the search and seizure; and (2) the evidence was insufficient to support his conviction.[11] On September 28, 2012, the Louisiana Supreme Court denied Petitioner's related writ application.[12] Petitioner's conviction

---

[5] State Rec., Vol. I of V, Bill of Information, Jan. 12, 2011.

[6] State Rec., Vol. I of V, Trial Minutes, Jury Verdict, Trial Transcript, May 2, 2011.

[7] State Rec., Vol. I of V, Sentencing Minutes, May 26, 2011.

[8] *Id.*

[9] State Rec., Vol. IV of V, Appeal Brief, 2011-KA-1578, Sept. 6, 2011.

[10] *State v. Lewis*, 2011-KA-1578 (La. App. 1 Cir. 4/5/12); 2012 WL 1012982.

[11] State Rec., Vol. V of V, Writ Application, 2012-KO-824, Mar. 23, 2011.

[12] *State v. Lewis*, 2012-KO-824 (La. 4/5/12); 98 So. 3d 827.

became final ninety days later, on December 27, 2012, when the time expired for him to file a writ of certiorari with the United States Supreme Court.[13]

On May 9, 2013, Petitioner filed an application for post-conviction relief with the state trial court raising the following grounds for relief: (1) he received ineffective assistance of counsel when counsel failed to conduct any pretrial investigation, failed to file any pretrial motions, and failed to obtain favorable evidence by consulting with him; (2) he was subject to an unreasonable search and seizure when he was detained without probable cause, and counsel erred in failing to file a motion to address this issue in the trial court; and (3) the State lacked evidence to support the conviction where the initial search of his person revealed no drugs.[14] The trial court denied Petitioner's application on May 22, 2013, with written reasons.[15] Petitioner filed a writ application in the Louisiana First Circuit arguing that the trial court erred in denying relief on his ineffective assistance of counsel claim and his unlawful search and seizure claim.[16] The Louisiana First Circuit summarily denied Petitioner's application on September 9, 2013.[17] Petitioner filed a writ application in the Louisiana Supreme Court seeking review of the denial of his ineffective assistance of counsel claim,[18] which was denied without stated reasons on September 9, 2013.[19]

Petitioner filed his federal petition on July 9, 2014, asserting the following grounds for

---

[13] *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

[14] State Rec., Vol. III of V, Application for Post-Conviction Relief, May 15, 2013.

[15] State Rec., Vol. III of V, Court Order, May 22, 2013.

[16] State Rec., Vol. V of V, Writ Application, June 19, 2013.

[17] State Rec., Vol. V of V, Order, Sept. 9, 2013.

[18] State Rec., Vol. V of V, Writ Application, Oct. 1, 2013.

[19] *State ex rel. Lewis v. State*, 2013-KH-2355 (La. 5/30/14), 140 So. 3d 734.

relief: (1) he received ineffective assistance of counsel when counsel failed to discuss the State's case with him, failed to file pretrial motions, failed to develop a defense, and failed to investigate his innocence; (2) counsel was ineffective when he failed to file a motion challenging the search and seizure at the time of his arrest, and he was subject to an unreasonable search and seizure when he was detained without probable cause; and (3) he was denied the right to present favorable evidence where the State lacked evidence to support the conviction.[20]

On December 1, 2014, the Magistrate Judge recommended that Petitioner's original petition be dismissed without prejudice for failure to exhaust state court remedies.[21] The Magistrate Judge found that Petitioner presented the Court with a "mixed petition," which included both exhausted and unexhausted claims, and that it is subject to dismissal for that reason.[22] The Magistrate found that Petitioner's ineffective assistance of counsel claims had been exhausted, but that his claims that he was subject to unreasonable search and seizure and denied the right to present favorable evidence were not exhausted because he did not raise those claims before the Louisiana Supreme Court.[23] In response, Petitioner moved the Court to stay these proceedings to allow him to litigate his unexhausted claims in state court.[24] On August 9, 2015, the Court denied Petitioner's Motion to Stay and granted him fourteen days to amend his petition to delete the unexhausted claims.[25] On August 7, 2015, Petitioner filed an amended petition,

---

[20] Rec. Doc. 4.

[21] Rec. Doc. 12 at 10.

[22] Rec. Doc. 12 at 9.

[23] *Id.*

[24] Rec. Doc. 13.

[25] Rec. Doc. 14.

4

reasserting his ineffective assistance of counsel claim, which the Court found was exhausted.[26] Accordingly, the Court referred the matter back to the Magistrate Judge to prepare another Report and Recommendation.[27]

### B.     *Report and Recommendation Findings*

The Magistrate Judge recommends that the Court dismiss the petition with prejudice.[28] The Magistrate noted that Petitioner argued that his counsel was ineffective for failing to discuss the details of the case with him, file pretrial motions, or investigate to find support to establish Petitioner's innocence.[29] She noted that Petitioner raised these arguments to the state courts and, in the last reasoned decision, relief was denied by the state trial court, which found the claims to be conclusory and without merit.[30] Because the issue of ineffective assistance of counsel is a mixed question of law and fact, the Magistrate Judge determined that the standard of review is whether the state courts' denial of relief was contrary to, or an unreasonable application of, Supreme Court law.[31]

The Magistrate noted that it is well settled that a habeas petitioner cannot show prejudice with respect to a claim that counsel failed to investigate a defense without adducing what the investigation would have shown.[32] To prevail on such a claim, the Magistrate noted that the

---

[26] Rec. Doc. 15.

[27] Rec. Doc. 17.

[28] Rec. Doc. 18 at 14.

[29] *Id.* at 9.

[30] *Id.* (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (stating that when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion)).

[31] *Id.* at 10.

[32] *Id.* at 12 (citing *Diaz v. Quarterman*, 239 F. App'x 886, 890 (5th Cir. 2007) (citing *Strickland v.*

petitioner must provide factual support as to what exculpatory evidence further investigation would have revealed.[33] The Magistrate determined that Petitioner had not pointed to any particular exculpatory information that his counsel could have obtained from further investigation or discussion with Petitioner. Further, she found that Petitioner's "otherwise superficial argument provides no reason to undermine the deference due to his counsel's trial decisions or the denial of relief on this issue by the state courts."[34] Similarly, the Magistrate found that Petitioner had not identified any particular pretrial motion that should have been filed by his counsel or that would have been successful, such that the failure to urge it altered the outcome of the case.[35] Finally, after reviewing the trial transcript, the Magistrate Judge determined that Petitioner's counsel was well-prepared for trial and actually presented the defense of innocence as Petitioner desired.[36]

## II. Objections

### A.     *Petitioner's Objection*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[37] He asserts that there was an issue in his case as to whether the officers that arrested him "had properly executed the Fourth Amendment" by arresting him "in a high drug area, where narcotics can be

---

*Washington*, 466 U.S. 668, 696 (1984))).

[33] *Id.* at 13 (citing *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998); *Brown v. Dretke*, 419 F.3d 365, 375 (5th Cir. 2005); *Davis v. Cain*, No. 07-6389, 2008 WL 5191912, at *10 (E.D. La. Dec. 11, 2008) (order adopting referenced Report and Recommendation)).

[34] *Id.* (citing *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.")).

[35] *Id.* (citing *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984); *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985)).

[36] *Id.* at 14.

[37] Rec. Doc. 19.

found at every corner."[38] Petitioner contends that his counsel performed deficiently by allowing him to proceed to trial without raising this issue.[39] He also asserts that his counsel failed to inform him of a plea offer, which he contends he would have taken rather than go to trial.[40]

Petitioner notes that the Report and Recommendation, quoting *Ylst v. Nunnemaker*, stated that "[w]hen the last court judgment does not indicate whether it is based on procedural default or the merits of the federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion."[41] Petitioner contends that the last state court ruling simply stated "denied."[42] Therefore, he asserts that the Louisiana Supreme Court never addressed his claim.[43]

Finally, Petitioner asserts that the outcome of his trial would have been different if his counsel had filed appropriate motions, such as a motion to quash or a motion to suppress.[44] Accordingly, Petitioner requests that the Court grant him an evidentiary hearing on his ineffective assistance of counsel claim.[45]

### B.    *State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

---

[38] *Id.* at 2.

[39] *Id.*

[40] *Id.*

[41] *Id.* at 3.

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] *Id.* at 3–4.

### III. Standard of Review

*A.    Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[46] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[47] A district court's review is limited to plain error for parts of the report which are not properly objected to.[48]

*B.    Standard of Review Under the AEDPA*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the power of federal courts to grant writs of habeas corpus in cases where a state court has adjudicated the petitioner's claim on the merits.[49]

Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to questions of law and mixed questions of law and fact unless it "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court." The Supreme Court has made a distinction between the application of the "contrary to" and "unreasonable application" clauses.[50] A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule in a way that is inconsistent with governing

---

[46] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[47] Fed. R. Civ. P. 72(b)(3).

[48] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[49] *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[50] *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000)).

law and Supreme Court precedent on identical facts; a federal habeas court may issue the writ under the "unreasonable application" clause if the state court unreasonably applies the governing law to the facts of the case.[51]

Under 28 U.S.C. § 2254(d)(2), factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[52]

### IV. Law and Analysis

A.  *Issues Raised for the First Time in Petitioner's Objections to the Report and Recommendation*

Preliminarily, the Court notes that in his objections to the Report and Recommendation, Petitioner raises an issue that was not raised in his petition. In his objections, Petitioner argues, for the first time, that his counsel was ineffective by failing to inform him of a plea offer, which he contends he would have taken rather than go to trial.

The Fifth Circuit has noted the failure to present arguments to the Magistrate Judge can constitute a waiver of such argument.[53] However, the Fifth Circuit has also held that a "district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint."[54] Here, Petitioner has presented the Court

---

[51] *Id.*

[52] 28 U.S.C. § 2254(d)(2); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[53] *See*, *e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994) (citing *Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988) (explaining that a party "has a duty to put its best foot forward" before the Magistrate Judge—i.e., "to spell out its arguments squarely and distinctly"—and, accordingly, that a party's entitlement to de novo review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge)).

[54] *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1994).

9

with no reason for his failure to raise this issue in his original petition. Moreover, the Court notes that prior pleadings directly contradict Petitioner's argument that his attorney did not inform him of a plea offer. In his application for post-conviction relief filed in the state trial court and in his original federal petition, Petitioner stated that his attorney visited him in jail "to inform him that the State was offering him a plea deal of twenty (20) 'flat' years or he would be faced with twenty (20) years to life if found guilty as a multiple offender. Petitioner declared this to officer and expressed his stand of innocence and desire to go to trial."[55]

Further, it appears that this claim is not exhausted because Petitioner did not raise it in state court. "A fundamental prerequisite for federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."[56] When ineffective assistance of counsel is raised in the state courts, the claim is not exhausted where the petitioner did not raise the same basis in the state court proceedings that is asserted in a federal petition.[57] A federal habeas petition should typically be dismissed without prejudice if the petitioner has failed to exhaust all available state remedies.[58]

Dismissal without prejudice of a "mixed petition" may result in a subsequent petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2444(d).[59] Because of

---

[55] State Rec., Vol. III of V, Memorandum in Support of Application for Post-Conviction Relief, May 15, 2013 at 2–3. Rec. Doc. 4-1 at 4. Petitioner's filings before the Louisiana First Circuit and the Louisiana Supreme Court do not discuss the plea offer.

[56] *Whitehead v. Johnson*, 157 F.3d 384, 397 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).

[57] *See Burns v. Estelle*, 695 F.2d 847, 849–50 (5th Cir. 1983) (finding that factual bases underlying the ineffective assistance of counsel claim were "significantly different" from those raised in state court, and therefore, were not exhausted).

[58] *Pliler v. Ford*, 542 U.S. 225, 227 (2004).

[59] *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)(holding that 28 U.S.C. § 2244(d)'s one year limitation period is not tolled during the pendency of federal habeas proceedings).

this dilemma, federal courts are authorized to stay a habeas petition and hold it in abeyance while a petitioner exhausts claims in state court.[60] However, the United States Supreme Court has held that a stay-and-abeyance is an extraordinary remedy.[61] A district court should stay federal habeas proceedings to allow a petitioner to exhaust state remedies only when the district court finds that (1) the petitioner had good cause for failure to exhaust his claim, (2) the claim is not plainly meritless, and (3) the petitioner has not engaged in intentional delay.[62]

While a claim that Petitioner's counsel failed to inform him of a plea offer could be meritorious,[63] Petitioner has presented no argument as to why he failed to exhaust this claim. Moreover, as discussed above, this claim directly contradicts statements made in the original federal petition and the application for post-conviction relief before the state trial court. Therefore, the Court finds that Petitioner has failed to demonstrate good cause to excuse his failure to exhaust this claim, and a stay is not warranted. Accordingly, the Court will dismiss Petitioner's claim that his counsel failed to inform him of a plea offer without prejudice.

### B. *Ineffective Assistance of Counsel*

Petitioner objects to the Magistrate Judge's recommendation that the Court dismiss with prejudice his claim that trial counsel performed deficiently by failing to discuss the case with him, failing to file pretrial motions, failing to develop a defense, and failing to investigate

---

[60] *Id.*

[61] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[62] *Id.* at 277–78.

[63] In *Frye v. Missouri*, 132 S.Ct. 1399, 1408–10 (2012), the Supreme Court held that the *Strickland* test, used to show ineffective assistance of counsel, applies to ineffective assistance of counsel claims arising from counsel's failure to communicate a plea offer before it expires.

11

Petitioner's innocence.[64] He asserts that there was an issue in his case as to whether the officers that arrested him "had properly executed the Fourth Amendment" by arresting him "in a high drug area, where narcotics can be found at every corner."[65] Petitioner contends that his counsel performed deficiently by allowing him to proceed to trial without raising this issue.[66] Finally, Petitioner asserts that the outcome of his trial would have been different if his counsel had filed appropriate motions, such as a motion to quash or a motion to suppress.[67]

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[68] If a court finds that a petitioner fails on either of these two prongs, it may dispose of the ineffective assistance claim without addressing the other prong.[69]

To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[70] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[71] Courts addressing this prong of the test for

---

[64] Rec. Doc. 19. Petitioner's claim that counsel was ineffective by failing to file a motion challenging the search and seizure at the time of his arrest overlaps with his claim that counsel failed to file pretrial motions. To the extent that this second claim, which the Court found to be unexhausted, overlaps with his first claim, the Court considers it here.

[65] *Id.* at 2.

[66] *Id.*

[67] *Id.*

[68] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[69] *Id.* at 697.

[70] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[71] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[72]

To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[73] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[74] As courts determine whether this prong is satisfied, they must consider "the relative role that the alleged trial errors played in the total context of [the] trial."[75]

As the record shows, the state trial court found Petitioner's claim that his counsel was ineffective by failing to perform pre-trial investigation and adequately prepare for trial too conclusory to state a claim.[76] The state trial court found petitioner's claim that counsel failed to file a motion to challenge the search and seizure without merit because it was unlikely such a motion would be successful.[77] The Louisiana First Circuit and the Louisiana Supreme Court denied Petitioner's related writ applications without stated reasons. Accordingly, this Court presumes that these denials of relief relied upon the same grounds as the trial court opinion.[78]

Because Petitioner repeats the same ineffective-assistance claims on federal habeas corpus review, the central question "is not whether a federal court believes the state court's

---

[72] *See Strickland*, 466 U.S. at 689.

[73] *Id*. at 694.

[74] *Id*.

[75] *Crockett*, 796 F.2d at 793.

[76] State Rec., Vol. III of V, Court Order, May 22, 2013.

[77] *Id.*

[78] *See Ylst v. Nunnemaker*, 501 U.S. 797, 802–03 (1991) (stating that when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion)).

determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[79] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[80] Thus, this standard is considered "doubly deferential" on *habeas corpus* review.[81] For the reasons discussed below, Petitioner has not shown that the state court's decision was unreasonable under this doubly deferential standard.

Petitioner alleges that his counsel failed to discuss the case with him, develop a defense or investigate Petitioner's innocence. A habeas petitioner cannot show prejudice with respect to a claim that counsel failed to investigate a defense without adducing what the investigation would have shown.[82] To prevail on such a claim, the petitioner "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."[83] Petitioner does not point to any particular information that his counsel could have obtained from further investigation or discussions with Petitioner, nor does he state how any additional information could have altered the outcome of the trial. "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."[84] Therefore, Petitioner has not demonstrated that the state court's decision denying this claim was

---

[79] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)) (quotation marks omitted).

[80] *Id.*

[81] *Id.*

[82] *Diaz v. Quarterman*, 239 F. App'x 886, 890 (5th Cir. 2007) (citing *Strickland*, 466 U.S. at 696, in recognizing that some evidence is required to show that "the decision reached would reasonably likely have been different").

[83] *See Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir.1989)); s*ee also Brown v. Dretke*, 419 F.3d 365, 375 (5th Cir. 2005).

[84] *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) (internal citations omitted).

contrary to, or involved an unreasonable application of clearly established federal law, as required by the Supreme Court. Accordingly, on de novo review and under the deferential standards of review mandated by the AEDPA, the Court finds Petitioner's claim without merit.

As for his argument that counsel failed to file pretrial motions, Petitioner has not demonstrated that such motions would have been successful or altered the outcome of the case. "The filing of pretrial motions falls squarely within the ambit of trial strategy," and "[c]ounsel is not required to engage in the filing of futile motions."[85] Petitioner specifically asserts that his counsel should have filed a motion challenging the search and seizure at the time of his arrest. He asserts that there was an issue in his case as to whether the officers that arrested him "had properly executed the Fourth Amendment" by arresting him "in a high drug area, where narcotics can be found at every corner."[86] Petitioner contends that his counsel performed deficiently by allowing him to proceed to trial without raising this issue.[87] The trial court found this claim without merit because there was not a likelihood of success on such a motion.[88] A review of the trial transcript supports this finding.

Deputy Jordan Hollenbeck ("Hollenbeck") testified that while patrolling a high crime area on November 21, 2010, he observed Petitioner near an abandoned house and stopped to investigate.[89] Hollenbeck asked Petitioner to step behind the police car, and Petitioner eventually

---

[85] *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) (*William v. Beto*, 354 F.2d 698, 703 (5th Cir. 1965)).

[86] Rec. Doc. 19 at 2.

[87] *Id.*

[88] State Rec., Vol. III of V, Order, May 22, 2013.

[89] State Rec., Vol. II of V, Trial Transcript at 173–74.

complied.[90] Hollenbeck then conducted an initial "pat down."[91] Deputy Florian Lizana ("Lizana") later arrived at the scene.[92] Lizana testified that he observed Petitioner lift his left foot off the ground and kick a small plastic bag behind him in an attempt to cover it with grass and dirt.[93] Lizana testified that he "maintained visual contact with the bag," and recovered the bag when Hollenbeck returned to the scene.[94] Subsequent testing revealed that the product in the bag was cocaine. The Fifth Circuit has recognized that "one has no standing to complain of a search or seizure of property he has voluntarily abandoned."[95] Property is abandoned when it is "voluntarily discarded, left behind, or otherwise relinquished."[96] Lizana's testimony reveals that Petitioner voluntarily abandoned the bag. Accordingly, the Court finds that the state court did not err in determining that a motion to suppress the evidence would not likely succeed on the merits. Moreover, Petitioner has not specifically identified any other motion that his counsel could have filed. Because counsel is not required to engage in the filing of futile motions,[97] the Court finds that Petitioner has not demonstrated that the state court's decision denying this claim was contrary to, or involved an unreasonable application of clearly established federal law, as required by the Supreme Court. Accordingly, on *de novo* review and under the deferential standards of review mandated by the AEDPA, the Court finds Petitioner's claim without merit.

---

[90] *Id.* at 176.

[91] *Id.* at 177.

[92] *Id.* at 178.

[93] *Id.* at 161–62.

[94] *Id.* at 163.

[95] *United States v. Alvarez*, 6 F.3d 287, 289 (5th Cir. 1993).

[96] *United States v. Colbert*, 474 F.2d 174, 176 (5th Cir. 1973) (en banc).

[97] *Murray*, 736 F.2d at 283.

### C.     *Sufficiency of the Evidence*

Finally, the Court notes that in his original petition, Petitioner argued that he was denied the right to present favorable evidence where the State lacked evidence to support the conviction.[98] To the extent that Petitioner is arguing that he was denied the right to present favorable evidence, this claim is not exhausted. However, to the extent Petitioner is arguing that the evidence was insufficient to support the conviction, Petitioner has exhausted his state court remedies by raising this claim before the Louisiana Supreme Court. It is unclear whether Petitioner asserts the sufficiency of the evidence claim in his amended petition. Nonetheless, in the interest of completeness, the Court addresses it here.

In *Jackson v. Virginia*, the Supreme Court held that a state prisoner is entitled to habeas corpus relief if a federal judge finds that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[99] The Court must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[100] This Court must examine the evidence in the light most favorable to the prosecution.[101] To determine whether a conviction is supported by the record, the Court must review the substantive elements of the criminal offense as defined by state law.[102] This Court must examine the record as a whole, and only consider evidence that was presented at trial.[103] The Court reasoned that it is the jury's responsibility "to resolve conflicts in the

---

[98] Rec. Doc. 4-1 at 10–12.

[99] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[100] *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)).

[101] *Id.*

[102] *Id.* at n. 16.

testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[104]

In federal habeas corpus proceedings, courts must respect the fact finder's ability to evaluate witness credibility.[105] This Court cannot substitute its interpretation of a witness's credibility in place of the fact-finder.[106] An insufficiency of evidence claim presents a mixed question of fact and law.[107] Accordingly, this Court must examine whether the state court's denial of relief was contrary to or an unreasonable application of Supreme Court precedent or federal law.[108]

Here, Petitioner was convicted of possession of cocaine, a Schedule II controlled substance, pursuant to La. Rev. Stat. § 40:967(C), which states in penitent part, "[i]t is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II . . . ."[109] To support a conviction for possession of cocaine under Louisiana law, the State must prove that the defendant was in possession of cocaine and that he knowingly possessed it.[110] "The element of possession may be established by demonstrating that the defendant exercised either actual or constructive possession of the controlled dangerous

---

[103] *Id.* at 318–19.

[104] *Id.* at 319.

[105] *Knox v. Bulter*, 884 F.2d 849, 851 (5th Cir. 1989).

[106] *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

[107] *See e.g., Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008).

[108] *Hill*, 210 F.3d at 485.

[109] LA. REV. STAT. § 40:967(C).

[110] *State v. Belvin*, 14-626 (La. App. 5 Cir. 12/16/14); 170 So. 3d 987, 992 (citing *State v. Mitchell*, 09–996 (La. App. 5 Cir. 5/25/10); 40 So.3d 1122, writ denied, 10–1557 (La. 10/21/11), 73 So.3d 370).

substance."[111] "Guilty knowledge is an essential element of the crime of possession and such knowledge may be inferred from the circumstances."[112]

In the instant case, the parties stipulated that the substance in the bag was cocaine. Accordingly, the sufficiency of the evidence relates solely to whether Petitioner was in possession of the cocaine and knowingly possessed it. Lizana testified that he observed Petitioner lift his left foot off the ground and kick a small plastic bag behind him in an attempt to cover it with grass and dirt.[113] Lizana testified that he "maintained visual contact with the bag," and recovered the bag when Hollenbeck returned to the scene.[114] Petitioner argues that the stop occurred in a high crime area, and the cocaine could have belonged to someone else, including an individual named Jessica Bell who was also stopped by the police.[115] Defense counsel presented the jury with this theory of the case. However, the jury accepted Lizana's testimony that he observed Petitioner exercising control over the drugs. Given the evidence presented at trial, a rational trier of fact could have found that the essential elements of possession of cocaine were established beyond a reasonable doubt under Louisiana law. Therefore, the state court's denial of relief was not contrary to or an unreasonable application of Supreme Court precedent. Accordingly, on *de novo* review, the Court finds Petitioner's sufficiency of the evidence claim without merit.

---

[111] *Id.*

[112] *Id.*

[113] State Rec., Vol. II of V, Trial Transcript at 161–62.

[114] *Id.* at 163.

[115] Rec. Doc. 4-1 at 11.

## V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED;**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation;

**IT IS FURTHER ORDERED** that Petitioner Marvin Lewis's exhausted ineffective assistance of counsel claims are **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner Marvin Lewis's unexhausted claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**NEW ORLEANS, LOUISIANA,** this <u>8th</u> day of April, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**